LOUIS RUBANO ET AL. *v.* KATHERINE K. KOENEN

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, JS.

Argued October 8—decided October 29, 1964

*Charles L. Flynn,* for the appellant (plaintiff Sophie Rubano).

*David M. Reilly,* with whom were *David M. Reilly, Jr.,* and, on the brief, *John H. Peck,* for the appellee (defendant).

MURPHY, J.  The named plaintiff is the owner of a family automobile which his wife, the plaintiff Sophie, was operating when it was in collision in an intersection with an automobile operated by the defendant.  By their verdict, the jury found the issue of liability for both plaintiffs and awarded the husband compensation for the damage to the automobile but did not award the wife any monetary damages for the injuries which she alleged she had sustained as a result of the collision.  The trial court refused to set aside the verdict, and the wife has appealed.  She is the sole appellant and hereinafter will be referred to as the plaintiff.  Liability is not an issue on the appeal.

The plaintiff seeks numerous corrections in the finding.  She is entitled to corrections which will incorporate into her claims of proof the results of a medical examination of the plaintiff testified to by a neurosurgeon who was called by the defendant and who gave his expert opinion based thereon.  A party is entitled to benefit by evidence favorable

to him although adduced by witnesses testifying for his adversary. *Smith* v. *Waterbury & Milldale Tramway Co.,* 99 Conn. 446, 455, 121 A. 873.. These additions to the finding, when considered in. connection with the failure of the court to charge concerning their subject matter as requested, create reversible error. The other assignments of error will not be discussed.

At the time of the collision, the plaintiff was pregnant. She was shaken up and nervous and complained of pain. She was treated by her family physician and continued in his care until after her daughter was born, about three months later. This doctor died before the case was tried. After the child was born, the plaintiff consulted with and was treated by an orthopedic surgeon. The gist of the medical testimony by him, a neurosurgeon and an x-ray specialist was that the plaintiff had sustained a small fracture at the margin of the fifth lumbar vertebra with strain of the muscles and ligaments of the lower back and a herniated intervertebral disc at the L 4 and L 5 intervertebral space, resulting in a 15 to 20 percent permanent partial disability. The neurosurgeon who testified for the defendant stated that in his opinion the fracture did not occur in the accident but had been antecedent to it, that there was no herniated disc and that the plaintiff had sustained a muscular ligamentous strain of the low back with probable aggravation of a preexisting disc pathology at the lumbosacral level.

The complaint alleged that the injuries of the plaintiff had been sustained in the collision and that her disability resulted from them. She did not allege an aggravation of a preexisting injury or condition, and no amendment alleging aggravation

was filed to conform to the proof offered by her adversary. The plaintiff requested a charge to the effect that she would be entitled to damages for such injuries, disability and expenses as proximately resulted from the aggravation of a preexisting condition. She was entitled to such a charge under the facts in this case without alleging aggravation because it was an issue raised by the defendant, who therefore is charged with notice of it. See *Varley* v. *Motyl*, 139 Conn. 128, 134, 90 A.2d 869; *Gervais* v. *Foehrenbach*, 149 Conn. 461, 465, 181 A.2d 253; note, 32 A.L.R.2d 1447, 1457 (effect of defendant's evidence raising the issue).

The finding is corrected by adding thereto the substance of paragraphs 68, 69, 70 and 71 of the draft finding. Whether the plaintiff had a preexisting condition which was aggravated by the collision presented a question of fact for determination by the jury under proper instruction by the court. The failure to charge on this issue was erroneous.

There is error in part, the judgment is affirmed except as to the amount of damages awarded the plaintiff Sophie Rubano and a new trial is ordered limited to that issue.

In this opinion the other judges concurred.