[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Debera A. Lehman seeks damages in this action against the defendant, Leslie M. Bonhotel for injuries sustained on February 21, 1991 when her vehicle was struck in the rear by the defendant's car. The defendant has admitted that she failed to keep a proper lookout and therefore has admitted liability. The sole issue before the court is the question of damages.
The plaintiff claims that as a result of the accident she suffered injuries to her head, neck and back; . . .cervical strains, with pain, aching and tenderness in the neck, shoulders and back." She also claims that she required physical therapy, suffered a shock to her nervous system and the possibility of permanent injuries. Mrs. Lehman claims that she no longer skis, jumps rope, participates in aerobics, canoeing, yard CT Page 7219 work, bike riding, volley ball or tennis.
After the accident, the plaintiff drove herself to the hospital where she received a prescription and was released. She did not fill the prescription until February 26, 1991, five days after the accident following a visit to Dr. Maureen B. Goldring. Following her visit to Dr. Goldring, the plaintiff was referred to Maletta Pfeiffer, a physical therapist who had treated her over the years for various complaints involving her neck.
Mrs. Lehman was involved in prior auto accidents on August 21, 1985, January 11, 1985 and December 21, 1987. Each of these resulted in claimed injuries to the plaintiff's neck and in the opinion of Mrs. Pfeiffer contributed to a cumulative trauma disorder, a condition brought about by repetitive injury or stress, leading to a breakdown of the muscular skeletal system. Likewise, Mrs. Pfeiffer testified that in her opinion, the accident in August 1989 caused a more acute condition than that in February, 1991.
During the course of his representation, the plaintiff's attorney recommended that she consult Dr. Selden who saw her on November 5, 1991. The history given to Dr. Selden referred only to "a motor vehicle accident several years ago." On April 30, 1992 an MRI was performed of the cervical spine. The report states:
 6-29-92: An MRI on 4/30/92 of the cervical spine showed a cervical disc herniation at C6-C7. Patient continues to have neck pain. She states that she has pain when she turns her neck from side to side. She has been on an exercise program. Clinically, she has pain on cervical mobility but overall range is satisfactory. No neurologic deficits are found. Reflexes are symmetrical.
 The patient remains symptomatic from an injury to her neck which occurred as the result of a motor vehicle accident in February of 1991. She will be sent for three to four additional sessions of therapy.
 From an orthopaedic standpoint, I feel there is little else different to be done. I do not recommend surgery for this cervical disc herniation since there are no objective neurologic deficits. She has reached maximal improvement and has a 7-1/2% permanent partial impairment of the cervical spine. SES
In September of 1984, some seven years prior to this incident Debera Lehman was involved in an accident where she sustained minor injuries to her neck. In September 18, 1984, an x-ray was performed CT Page 7220 of her cervical spine which showed no abnormalities at any juncture in the spine. The radiological report was contained in the records of Maletta Pfeiffer from Charlotte Hungerford Hospital dated September 18, 1984. In addition, Dr. Kendrick Hom's clinical data notes referring to the September 21, 1984 entry where he puts down his impression of her injuries as "minor injury from a car accident/trivial, almost 100% recovered." Dr. Kendrick Hom was her treating physician from 1983 to present. Thereafter, on December 4, 1984, Debera Lehman based upon Dr. Hom's recommendation went to see Maletta Pfeiffer for the first time ever with a complaint of stiffness to the neck. She saw Ms. Pfeiffer on December 4th and 12th. Thereafter, in January of 1985 while in a motor vehicle operated by another, said vehicle backed into a telephone pole which flared up Debera Lehman's then existing stiffness in her neck. Thereafter she continued with physical therapy and was thereafter released by Maletta Pfeiffer. A review of the medical records demonstrate that Dr. Hom in his report of June 9, 1988 referring to the 1984 and 1985 incidents specifically states: "I saw her in January of 1985 after she was involved in a work motor vehicle accident and sustained minor injuries, but nothing of lasting disability." Dr. John C. Fraser on April 10, 1985, indicates:
 I see no evidence today that this represents more than a masculature and ligamentous injury which has benefitted [benefited] in the past from physical therapy. . .I don't appreciate enough spasm at this point to want to use a muscle relaxer. . .She will see me again if she fails to improve as anticipated.
Maletta Pfeiffer's initial evaluation dated December 4, 1984, wherein Maletta Pfeiffer herself identifies the area on the diagram of the location of the pain of Debera Lehman. This diagram specifically identifies by X's an area far below the cervical spine which is located in the center of the back. The complaints as diagrammed by Maletta Pfeiffer do not indicate the same area of complaints of pain as they relate to the 1991 accident.
Dr. Kendrick Hom's report who is the family physician after 1985, does not reflect any further complaint of neck pain, headaches or chronic stiffness in the cervical region. The defendant does not provide us with any doctor or clinic that ever treated her for this condition or these complaints until 1991.
Some three years later on December 12, 1987, Debera Lehman was involved in a second motor vehicle accident which does not involve the cervical spine. Maletta Pfeiffer's initial intake and progress notes CT Page 7221 of December 23, 1987 diagnoses Debera Lehman as having acute muscle spasm of the back, contusion to the right shoulder and left knee. Thereafter Maletta Pfeiffer saw Debera Lehman again and describes Debera Lehman's symptoms as follows:
 Left knee remains tender, patient tenderness at middle joint line one degree. Complaints of pain in the right buttocks and hip over the past two weeks. Patient reports return to exercise program. Left knee pain, right knee became exacerbated due to these exercises. Pain also increases with prolonged sitting.
In Malette [Maletta] Pfeiffer's diagram dated February 11, 1988, there is no referral, either in the diagram or in the report, to any complaint of any pain or any treatment relative to the neck or cervical spine region. It was the testimony of Debera Lehman that in fact as a result of this accident she did not sustain any prolonged or treatable injury to her cervical spine. Rather her complaints were relative to her left knee and her right hip and buttocks.
Debera Lehman testifies that from 1986 through to 1991 she did not experience chronic headaches, cervical stiffness or cervical pain. Rather Debera Lehman testified that she lived a full and complete active life. Both Debera Lehman and Jeffrey Lehman indicated prior to 1991, that Debera Lehman lived a very active and energetic life and was involved in life's activities. Debera Lehman's life expectancy is 48.3 years. Debera Lehman's complaints are that she has decreased mobility of the cervical spine, chronic neck pain. These complaints of pain are experienced by Debera during sleep which causes her sleeplessness. During the day under normal conditions of sitting or standing or any of life's activities which require any strenuous activity, she experiences pain. For Debera Lehman activities which she formerly engaged in such as riding a ten-speed bicycle which requires her head to be held up causing pain; riding snowmobiles at their Vermont home which causes discomfort due to the change in climate as well as the bumpy ride all have been curtailed, including jackhammering. Debera Lehman complains that long distance riding in a car causes discomfort which includes the ride to Vermont, as well as sitting for long periods of time which causes pain in the cervical spine region, Debera Lehman testified that on a daily basis she must engage in an exercise program to relieve the pain by using a therapeutic isometric band which provides her with temporary relief of her chronic condition. This exercise regimen is the only form of relief of the chronic pain that Debera Lehman lives with on a daily basis in addition to daily aspirins or Tylenol. This exercise program and the use of the therapeutic isometric band may continue on in Debera Lehman's life as she has used it daily in the past. CT Page 7222
Insofar as Maletta Pfeiffer testified that the plaintiff's condition was caused by cumulative trauma disorder, it does not negate the causal connection between the accident of February 21, 1991 and her present condition. A defendant takes a plaintiff as she finds her. Flood v. Smith, 126 Conn. 644, 649; Mourison v. Hansen, 128 Conn. 62, 65. If a party suffers from a pre-existing condition, she still may recover for aggravation. Rabano v. Koenen, 152 Conn. 134, 137.
Dr. Selden treated Debera Lehman in 1992 and obtained an MRI scan of the cervical region in order to fully evaluate Debera Lehman's physical condition. Dr. Selden's opinion is based upon the fact that she in 1984 or 1985 sustained an injury to the cervical spine with no recurring incidents of pain, stiffness, or headache which resolved itself. Debera Lehman never complained to any doctor or care provider of continuing pain or stiffness after the 1984/1985 accidents. No medical record indicates that Debera Lehman experienced continuous or chronic pain at any point in time after 1985.
Dr. Selden's opinion is based upon the MRI, his examination and review of Maletta Pfeiffer's reports which again demonstrate the suboccipital area of pain and stiffness which in fact is corroborated by the MRI and the fact that there are herniated discs at C6-C7 and bulging discs at C5-C6. The x-rays taken relative to the 1984 incident which are contained in Maletta Pfeiffer's record show that Debera Lehman had no bulging or herniated discs in the cervical region at the time in 1984 and 1985. In Dr. Selden's medical opinion he rates Debera Lehman as having a 7 1/2% permanent partial disability of the cervical spine and that she has reached medical maximum improvement.
Taking all factors into consideration, the court finds that the plaintiff has sustained her burden of proving damages in the amount of $32,647.17. The plaintiff filed an offer of judgment for $12,000.00 on May 18, 1992. Since the offer was filed within eighteen months of the filing of the writ, the plaintiff is entitled to 12% interest on the judgment from March 12, 1992 at the rate of $10.73 per day for an additional sum of $5,676.17, making a total judgment of $38,323.34. Conn. Gen. Stat. 52-142a.
Judgment shall enter accordingly with costs.
PICKETT, J. CT Page 7223