[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT
The plaintiff instituted the present action seeking to recover monetary damages for injuries claimed to have been sustained as a result of a motor vehicle accident. The plaintiff was a passenger in an automobile operated by her daughter. The evidence submitted would be sufficient to establish that the daughter was operating the vehicle at a slow rate of speed when a vehicle exited from a private driveway and a collision occurred.
The operator of the vehicle exiting the driveway testified that her vision was blocked by a vehicle to her left as she exited the CT Page 1418 driveway and, therefore, she inched out and was stopped at the time of the accident. The jury returned a verdict in favor of both defendant operators.
The plaintiff has moved to set aside the verdicts in favor of both operators asserting:
 1. the court failed to charge the jury with respect to aggravation of a pre-existing injury and that the defendant takes a plaintiff as he finds her;
 2. the court erred in the admission of medical reports from a physician who treated the plaintiff for a prior injury when there was no disclosure that the defendants intended to use the medical reports;
 3. the court failed to charge the jury with respect to reckless misconduct on the part of the operator exiting the private driveway; and,
4. the verdicts were against the evidence.
The plaintiff's primary medical treatment came from a chiropractor who found injuries to the neck and back arising from the motor vehicle accident. The plaintiff testified that she had been completely recovered from injuries received in a prior accident and none of her medical testimony indicated either the existence of prior problems with her neck or back or that the accident in question caused an aggravation of a pre-existing condition.
The defendants, however, on cross-examination of the plaintiff admitted into evidence medical reports of a treating physician on a prior motor vehicle accident, written to a different attorney than was representing the plaintiff in the present case. Those reports indicated that the plaintiff had a permanent injury to both her neck and to her back prior to the automobile accident in question.
The court did not charge the jury on aggravation of a pre-existing condition as no claim was made by any party that there was an aggravation of a pre-existing condition. The defendants did not claim that the present accident aggravated a pre-existing condition but simply demonstrated that the plaintiff had a pre-existing condition before the accident. Similarly, the CT Page 1419 plaintiff never claimed a pre-existing condition which was aggravated by the accident in question. Thus, the case is different from the case of Rubano v. Koenen, 152 Conn. 135
(1964), where the defendants produced medical evidence that the accident in that case aggravated a pre-existing condition. No such claim was made in this case. The court, however, did charge that if the effects of an injury received in the present action were made greater because of a pre-existing condition of the plaintiff and the plaintiff was entitled to be compensated for the injuries received in the present accident. Accordingly, the court believes there was not an error in failing to charge as requested by the plaintiff.
The plaintiff also claims that the court erred in admitting medical reports of the plaintiff's treating physician on the prior accident because those reports were not disclosed to the plaintiff as being intended to be admitted into evidence prior to the trial. However, the defendants had previously filed requests for disclosure which would have encompassed the production by the plaintiff of the medical reports of the prior accident. The medical reports from the prior accident were only discovered when the defendants subpoenaed the prior treating physician's file. Counsel for the plaintiff was unaware of those reports, as were the defendants, until the trial was in progress. Under such circumstances, the defendants cannot be faulted for failing to advise the plaintiff that they intended to utilize those medical reports when it was the plaintiff's obligation to provide those medical reports in the first instance and which was not done.
The court also did not charge on a claim made by the plaintiff with respect to reckless misconduct. The evidence in the case, taken most favorably to the plaintiff, did not establish any reckless misconduct on behalf of the defendant Benjamin. The conduct of the defendant Benjamin was that she exited a private driveway and came into collision with another vehicle who had the right of way. Such conduct does not establish recklessness. In addition, if the plaintiff is unable to prove negligence as to the defendant Benjamin, it was unlikely the plaintiff could prove recklessness in the absence of negligence.
The plaintiff also claimed that the verdicts were against the evidence. As to the defendant Benjamin, the jury was not compelled to find that the defendant was negligent in the operation of her vehicle in view of her testimony that she inched out slowly and that her vehicle was stopped at the time of the CT Page 1420 collision. Similarly, as to the defendant Pulliam, the jury was likewise not required to find negligence on her part.
Accordingly, the motion to set aside the verdicts in favor of both defendant operators is hereby denied.
RUSH, J.