## MIGUEL RUA *v.* GENE R. KIRBY ET AL.
### (AC 31535)

Beach, Robinson and Pellegrino, Js.

Argued October 15—officially released December 14, 2010

*James O. Gaston,* for the appellant (plaintiff).

*John C. Mayano,* for the appellees (defendants).

*Opinion*

PER CURIAM. In this personal injury action, the plaintiff, Miguel Rua, appeals following the trial court's denial of his motion to set aside the verdict in his favor. On appeal, he claims that the court improperly failed to charge the jury that the defendants, Gene R. Kirby and Mary Aviles, "take the plaintiff as they find him," and, therefore, the court abused its discretion when it denied his motion to set aside the verdict. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On October 22, 1996, at approximately 3:30 p.m., the plaintiff was traveling northbound in his vehicle on Park Avenue in Bridgeport. The plaintiff was driving in front of a vehicle that was driven by Kirby and owned by Aviles.[1] As the plaintiff's vehicle stopped for a red traffic signal at the intersection of Park Avenue and Rail Road Avenue, the defendants' vehicle collided with the rear of the plaintiff's vehicle.

The plaintiff filed a complaint alleging that, as a result of the collision, he suffered physical injuries and that the collision was a result of the defendants' negligence. Particularly, the plaintiff alleged extensive injuries to his back. On October 1, 2001, the court granted the plaintiff's request to amend his complaint. The plaintiff amended his complaint to include additional injuries suffered as a result of the accident, including, inter alia, aggravation of an asymptomatic disc condition. The defendants denied that any negligence on their part caused the plaintiff's injuries. A trial was held between December 16 and 19, 2003. No interrogatories were submitted to the jury. After hearing the evidence, the jury returned a verdict in favor of the plaintiff in the

---

[1] The plaintiff alleged that Aviles negligently entrusted her automobile to Kirby and, alternatively, that she was vicariously liable on a theory of agency.

amount of $22,941.03. On December 26, 2003, the plaintiff filed a motion to set aside the verdict, claiming that the court improperly had failed to provide the jury with a "take the plaintiff as he is" instruction.[2] The court denied the motion and rendered judgment in accordance with the jury's verdict. From that judgment, the plaintiff appeals.

On appeal, the plaintiff claims that the court improperly failed to charge the jury that the defendants "take the plaintiff as they find him." We disagree.

At trial, the plaintiff offered evidence that he had suffered various injuries to his back as a result of the accident. He also offered evidence that he had a preexisting condition, namely, degenerative disc disease. In light of the evidence offered relating to this preexisting condition, the plaintiff requested that the court charge the jury that the defendants must "take the plaintiff as they find him" and that the defendants are responsible for all of the injuries proximately caused by their negligence, even if the plaintiff had a preexisting condition that would cause the injuries to be more severe. The court refused to provide the jury with the requested charge, and the plaintiff took exception to the court's refusal.

The trial court has wide discretion in charging the jury. "Our standard of review concerning claims of

---

[2] This also is referred to as an "eggshell plaintiff" charge. "The eggshell plaintiff doctrine states that [w]here a tort is committed, and injury may reasonably be anticipated, the wrongdoer is liable for the proximate results of that injury, although the consequences are more serious than they would have been, had the injured person been in perfect health. . . . The eggshell plaintiff doctrine is not a mechanism to shift the burden of proof to the defendant; rather, it makes the defendant responsible for all damages that the defendant legally caused even if the plaintiff was more susceptible to injury because of a preexisting condition or injury. Under this doctrine, the eggshell plaintiff still has to prove the nature and probable duration of the injuries sustained." (Internal quotation marks omitted.) *Iazzetta* v. *Nevas*, 105 Conn. App. 591, 593 n.4, 939 A.2d 617 (2008); see also W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 43, p. 292.

instructional error is well settled. [J]ury instructions must be read as a whole and . . . are not to be judged in artificial isolation from the overall charge. . . . The whole charge must be considered from the standpoint of its effect on the jurors in guiding them to a proper verdict . . . . The trial court must adapt its instructions to the issues raised in order to give the jury reasonable guidance in reaching a verdict and not mislead them." (Internal quotation marks omitted.) *Mojica* v. *Benjamin*, 64 Conn. App. 359, 368, 780 A.2d 201 (2001). "Claims of error addressed to the [jury] charge are tested by the pleadings and by the evidence . . . . The court has a duty to submit to the jury no issue upon which the evidence would not reasonably support a finding. . . . The court should, however, submit to the jury all issues as outlined by the pleadings and as reasonably supported by the evidence." (Citation omitted; internal quotation marks omitted.) *Olkowski* v. *Dew*, 48 Conn. App. 864, 868, 713 A.2d 264, cert. denied, 246 Conn. 901, 717 A.2d 239 (1998).

The plaintiff argues that he was entitled to the requested charge because (1) the charge related to an allegation in his complaint that the accident aggravated his preexisting condition and (2) he presented sufficient evidence at trial to suggest that the accident aggravated that preexisting condition. The court, in its decision not to set aside the verdict, stated: "The complaint does allege that the plaintiff sustained an aggravation of an asymptomatic disc condition. There was evidence that the plaintiff did in fact have a preexisting [condition]. However, there was no evidence that the condition was aggravated by the motor vehicle accident." (Internal quotation marks omitted.) The defendants argue, consistent with the court's decision, that the plaintiff failed to provide any evidence that the accident aggravated the plaintiff's preexisting condition or that the preexisting condition had any effect on the claimed injuries

resulting from the accident. We agree with the defendants.

In *Olkowski* v. *Dew*, supra, 48 Conn. App. 864, we upheld the decision of the trial court declining to give a "take the plaintiff as you find him" charge to the jury. We determined that the evidence of preexisting injury presented at trial concerned only the *existence* of the preexisting injury "and related primarily to [the plaintiff's] credibility . . . ." Id., 869. Further, we found that the trial court did not abuse its discretion "in determining that there was no evidence offered that reasonably would support a finding that a preexisting condition was in fact aggravated by the automobile accident . . . ." Id., 869–70.

The same is true here. Although the trial transcript reveals that the plaintiff introduced evidence of the existence of the preexisting condition, it does not reveal that the plaintiff presented any evidence that his preexisting condition was *aggravated* by the accident or that it had any *effect* on the claimed injuries that resulted from the accident. See id., 869; see also *Rubano* v. *Koenen*, 152 Conn. 134, 136–37, 204 A.2d 407 (1964) (preexisting injury charge appropriate when claim of aggravation of preexisting injury not raised by plaintiff but trial court heard expert testimony that plaintiff had sustained back injury in accident "with probable aggravation of a preexisting disc pathology at the lumbosacral level"). The plaintiff's theory at trial was that the accident had caused him to suffer two herniated discs and that the herniated discs resulted in radiculopathy. The plaintiff did not present any evidence or pursue a line of questioning that would reasonably support a finding that the preexisting condition was aggravated by the accident. In fact, the plaintiff's questioning with respect to the preexisting condition was intended to

show that it was the accident that had caused the plaintiff's radiculopathy and not the preexisting condition.[3] We therefore reject the plaintiff's claim that the court improperly refused to charge the jury that the defendants must "take the plaintiff as they find him" and conclude that the court acted well within its discretion when it refused to set aside the verdict.

The judgment is affirmed.

---

[3] To this end, during closing argument, the plaintiff's counsel argued: "The degeneration is not causing the disc—his radiculopathy. The [herniated] disc is causing it. And it's apples and oranges. And I submit—please, don't be confused. The degeneration is—is not the problem here. . . . He has a degenerative condition, but he has two discs from the car accident. . . . I suggest to you that the proximate cause or the substantial factor that caused this herniated disc is . . . clear that it's the motor vehicle collision."