22-748-cv
*Konspore v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of May, two thousand twenty-three.

PRESENT:     JOSÉ A. CABRANES,
             JOSEPH F. BIANCO,
             SARAH A. L. MERRIAM,

                    *Circuit Judges.*

_____

Matthew Konspore, Lisa Konspore,

          *Plaintiffs-Appellants*,

                    v.                                                22-748-cv

United States of America, Sondra R. Peterson,

          *Defendants-Appellees*,

Charles A. Curley,

          *Defendant*.

_____

FOR PLAINTIFFS-APPELLANTS:          BRIAN J. ISAAC (Michael H. Zhu, *on the brief*), Pollack Pollack Isaac & DeCicco, LLP, New York, NY.

FOR DEFENDANT-APPELLEE
UNITED STATES OF AMERICA:

NATHANIEL M. PUTNAM (Sandra S. Glover, *on the brief*), Assistant United States Attorneys *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

FOR DEFENDANT-APPELLEE
SONDRA R. PETERSON:

JILL P. HALLIHAN, Musco and Iassogna, New Haven, CT.

Appeal from the judgment of the United States District Court for the District of Connecticut (Arterton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Matthew Konspore ("Mr. Konspore") and Lisa Konspore ("Ms. Konspore") (collectively, "plaintiffs") appeal from the district court's judgment, entered on March 31, 2022, following trial. Plaintiffs brought this lawsuit seeking damages for personal injuries and loss of consortium arising from a June 2, 2017 car accident, involving a United States Postal Service ("USPS") truck driven by USPS employee Charles A. Curley and an SUV driven by defendant-appellee Sondra R. Peterson, which resulted in an injury to Mr. Konspore while he was walking as a pedestrian on the sidewalk. Plaintiffs brought negligence claims against Peterson under Connecticut law and against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 *et seq.*[1] The case was tried to the district court and to a jury in 2021.[2] The jury found that the plaintiffs failed to prove that Peterson acted negligently but, in its advisory capacity,

---

[1] The United States certified that Curley was acting within the scope of his employment at the time of the accident, and the district court granted the motion to substitute the United States as the party in place of defendant Curley.

[2] The claims against Peterson were tried to the jury. In accordance with 28 U.S.C. § 2402, the FTCA claim against the United States was tried to the court. However, the district court utilized the jury in an advisory capacity on the FTCA claim.

found that the United States was negligent. The jury was unable to reach an advisory verdict on the award of damages against the United States. On March 30, 2022, the district court issued its findings of fact and conclusions of law and entered final judgment the following day in favor of the plantiffs against the United States on the FTCA claim in the amount of $212,305. *See Konspore v. United States*, No. 19-cv-161, 2022 WL 959596 (D. Conn. Mar. 30, 2022). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.[3]

The evidence at trial established that, on June 2, 2017, Mr. Konspore was walking down a street in New Canaan, Connecticut, with his son and their acquaintances, when he saw a USPS truck run a stop sign and crash into an SUV driven by Peterson that was crossing the intersection. The crash caused Peterson's SUV to spin towards Mr. Konspore and the other pedestrians on the sidewalk. Mr. Konspore's son pulled him onto dry landscaping mulch beside the sidewalk, where Mr. Konspore initially landed on his left side and then, according to his son, "snapped over" onto his back. *Id.* at *1 (internal quotation marks and citation omitted). The evidence further established that, at the time of the June 2017 accident, Mr. Konspore had a long history of chronic cervical disc disease and had undergone four cervical spine operations in less than three years, the last of which was less than two months before the accident. In 2020, Mr. Konspore had two additional cervical surgeries. In its decision, the district court found that plaintiffs proved that the United States was negligent and, as to causation, explained: "The critical and vigorously disputed issue presented during trial was whether Mr. Konspore proved that his worsened cervical spine

---

[3] Although plaintiffs named Peterson in the Notice of Appeal, they did not make any arguments in their brief challenging the jury's verdict in Peterson's favor. Thus, plaintiffs have abandoned any challenges as to a negligence claim against Peterson. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

condition and two additional surgeries were caused by Mr. Curley's negligence or whether this accident caused only temporary impairment akin to a whiplash injury." *Id.* at *2. After examining the trial evidence in detail, including the medical testimony and records, the district court concluded that "Mr. Konspore has failed to prove by a preponderance of the evidence that his fall on June 2, 2017 caused or accelerated his retrolisthesis requiring his fifth and sixth operations, nor has he proved his continuing cervical deterioration and need for subsequent surgeries would not have occurred absent the negligence of the United States." *Id.* at *6. The district court, however, concluded that plaintiffs did prove that the negligence of the United States "was the cause in fact and proximate cause of Mr. Konspore's 'whiplash' type soft tissue injury," which continued for approximately seven months. *Id.* at *6–7. The district court then awarded plaintiffs economic and noneconomic damages, based on Mr. Konspore's whiplash injury and Ms. Konspore's loss of consortium resulting from that injury. Specifically, Mr. Konspore was awarded $12,305 in economic damages, and $180,000 in noneconomic damages for his mental suffering and physical pain. Ms. Konspore was awarded $20,000 in noneconomic damages for loss of consortium.

Plaintiffs appealed. On appeal, plaintiffs argue that the district court: (1) committed factual and legal error in concluding that they failed to prove causation between the accident and Mr. Konspore's worsening spinal condition and his need for additional surgeries; and (2) factually erred in determining damages for the psychological harm by failing to recognize that Mr. Konspore suffered from post-traumatic stress disorder ("PTSD") as a result of the accident.

Federal Rule of Civil Procedure 52(a)(1) requires a district court to make findings of fact and state its conclusions of law after a trial "without a jury or with an advisory jury." We conduct *de novo* review of the district court's conclusions of law and its application of the law to the facts. *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012). A district court's findings of fact,

4

including on the issue of causation, are reviewed for clear error. *Atl. Specialty Ins. v. Coastal Env't Grp. Inc.*, 945 F.3d 53, 63 (2d Cir. 2019); *Korek v. United States*, 734 F.2d 923, 927 (2d Cir. 1984) ("[Q]uestions as to causation are also subject to the clearly erroneous standard."). A finding of fact is "clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (internal quotation marks and citation omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* at 574.

Under the FTCA, the liability of the United States for the negligence of its employees acting within the scope of employment is determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Thus, because the conduct here occurred in Connecticut, the FTCA claim is governed by Connecticut law. Under Connecticut law, the "[e]ssential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." *Winn v. Posades*, 913 A.2d 407, 411 (Conn. 2007) (internal quotation marks and citation omitted).

Plaintiffs contend that the district court erred in concluding they did not prove that Mr. Konspore's worsening spinal condition and additional surgeries were caused by the accident. In particular, plaintiffs assert that "[t]here is simply no rational view of the evidence on this record that supports the district court's determination that the subject accident resulted only in minor sprains and strains that had no causal relation to [Mr. Konspore's] extensive post-incident treatment, including two major surgeries." Appellants' Br. at 52. We disagree.

The district court's finding on causation had more than sufficient support in the record and was largely a result of it crediting the medical opinion of the government's expert witness, Dr.

Benjamin Bjerke, over the medical opinions of Mr. Konspore's treating physician, Dr. Daniel Riew. As the district court explained:

> The Government's expert witness Dr. Benjamin Bjerke, a graduate of Columbia College of Physicians and Surgeons and a board certified orthopedic and spinal surgeon, testified on his opinion regarding a causal relationship between the June 2, 2017 accident and Mr. Konspore's worsening cervical spine condition. Comparing the medical imaging and associated radiology reports of Mr. Konspore's cervical spine before and after the June 2, 2017 accident, Dr. Bjerke saw no significant changes to the cervical spine consistent with the trauma Mr. Konspore described, as opposed to continued spinal deterioration. He observed no evidence of any significant soft tissue injury which would have caused Mr. Konspore to have developed "lasting pathology or damage" on his December 12, 2017 MRI, but agreed that Mr. Konspore could have suffered a soft tissue injury and inflammation which would not have caused him "lasting pathology or worsening of his cervical spine condition." He concluded, "[t]o a reasonable degree of certainty, I feel there is no relationship with respect to the incident on June 2, 2017, and subsequent worsening of Mr. Konspore's cervical spine or need for further surgery."

*Konspore*, 2022 WL 959596, at *5 (internal citations omitted). The district court also explained why it found Dr. Riew's testimony on causation less persuasive. For example, the district court noted that "[n]othing in Dr. Riew's records reflected any opinion about the cause of Mr. Konspore's continued pain because [as Dr. Riew testified] doctors 'don't worry about causation when [they are] treating patients.'" *Id.* Moreover, the district court pointed out that "Dr. Riew acknowledged that his opinion on Mr. Konspore's injuries had shifted since his April 2020 deposition because he 'hadn't examined all of the MRIs and so on prior to that deposition' and 'now we're worried about causation.'" *Id.* (citation omitted). In short, the district court concluded that "Dr. Bjerke offered a clear and internally consistent expert opinion on the relationship between the June 2 accident and Mr. Konspore's deteriorating cervical spine, which contrasted with Dr. Riew's shifting opinion testimony on the cause of Mr. Konspore's pain," and "the opinion of Dr. Bjerke was the more probative and persuasive evidence on the cause and nature of Mr. Konspore's injury to a reasonable degree of medical certainty." *Id.* at *6.

6

Although plaintiffs attempt to attack Dr. Bjerke's medical opinion on appeal, Dr. Bjerke was extensively cross-examined during trial regarding his expert opinion, and these types of "[c]redibility determinations are the province of the trial judge, and should not be overruled on appeal unless clearly erroneous." *Fujitsu Ltd. v. Fed. Exp. Corp.*, 247 F.3d 423, 435 (2d Cir. 2001); *see also* Fed. R. Civ. P. 52(a)(6) ("[T]he reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility."). "To be sure, a trial judge might exceed its discretion by baldly crediting a witness's account that is 'implausible on its face' or irreconcilable with 'reliable extrinsic evidence.'" *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 670 (2d Cir. 2023) (quoting *Anderson*, 470 U.S. at 579). After analyzing the district court's thorough and well-reasoned decision, we conclude that no such concerns are present here. In sum, we discern no clear error in the district court's factual findings, including its credibility determinations, that supported its causation determination with respect to Mr. Konspore's noneconomic injuries.

We find similarly unpersuasive plaintiffs' argument that the district court committed legal error by failing to consider the "eggshell plaintiff doctrine" in its causation analysis. Under Connecticut law:

> "Where a tort is committed, and injury may reasonably be anticipated, the wrongdoer is liable for the proximate results of that injury, although the consequences are more serious than they would have been, had the injured person been in perfect health . . . . The eggshell plaintiff doctrine . . . makes the defendant responsible for all damages that the defendant legally caused even if the plaintiff was more susceptible to injury because of a preexisting condition or injury."

*AFSCME, Council 4, Loc. 2663 v. Dep't of Child. & Fams.*, 317 Conn. 238, 258 n.11 (2015) (alteration accepted) (quoting *Rua v. Kirby*, 125 Conn. App. 514, 516 n.2 (2010)). However, in the instant case, the district court's causation determination rested not on whether Mr. Konspore's preexisting spinal issues made him more susceptible to injury, but rather plaintiffs' failure to prove that the accident caused his spinal condition to worsen at all. Thus, on *de novo* review, we

7

conclude the eggshell plaintiff doctrine was irrelevant to the district court's causation determination in this case.

Finally, contrary to plaintiffs' contention, the district court committed no clear error in its factual findings related to the psychological harm Mr. Konspore suffered from the accident. Plaintiffs argue that the district court erred in finding no evidence that Mr. Konspore suffered from PTSD because, according to plaintiffs, the testimony of Mr. Konspore's psychotherapist "that plaintiff suffered from PTSD because of the accident and the injuries he sustained was not challenged." Appellants' Br. at 55. We disagree. A review of the record reveals that the testimony of the psychotherapist, Maud Purcell, regarding PTSD was indeed challenged by the government. For example, during cross-examination, the government questioned Purcell about a form she completed in support of Mr. Konspore's application for social security benefits. Purcell had more than eleven appointments with Mr. Konspore between the June 2017 accident and the completion of that form, but the form made no mention of PTSD. To the contrary, the only diagnosis identified by Purcell on the form was "dysthymia," which is a persistent depressive disorder. The government further cross-examined Purcell on the fact that many symptoms of depression and PTSD overlap and confirmed that Mr. Konspore suffered from depression and anxiety prior to the accident. Indeed, Purcell acknowledged that Mr. Konspore had spent five days in the psychiatric unit of a hospital in May 2017, before the June 2017 accident. On this record, the district court did not clearly err in finding that "[w]hile Ms. Purcell testified that Mr. Konspore's symptoms were 'characteristic of post-traumatic stress disorder,' there was no evidence that Mr. Konspore had received such a diagnosis." *Konspore*, 2022 WL 959596, at *8 n.11 (internal citation omitted). In any event, to the extent plaintiffs maintain that he suffered from PTSD "as a result of his failed back surgeries," Appellants' Br. at 53, any damages from that PTSD would not be recoverable in

8

light of the district court's finding (which we uphold for reasons discussed *supra*) that the accident did not cause the additional back surgeries.

*       *       *

We have considered plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9