James William GILLIAM, II

v.

**NATIONAL COMMISSION FOR CERTIFICATION OF PHYSICIAN ASSISTANTS, INC., et al.**

Civ. A. No. 89-1698.

United States District Court,
E.D. Pennsylvania.

Nov. 6, 1989.

James W. Gilliam, II, Philadelphia, Pa., pro se.

Charles H. Ivy, Joseph C. Chancey, Atlanta, Ga., James G. Rosenberg, National Commn. et al., Douglas F. Schleicher, Philadelphia, Pa., for Nat. Com'n for Certification of Physician Assistants, Inc., et al.

David Donaldson, Philadelphia, Pa., for Pa. State Bd. of Medicine, et al.

## MEMORANDUM AND ORDER

FULLAM, Chief Judge.

Plaintiff is a college-trained health-care professional, and has been employed as a physician's assistant for many years. The defendant National Commission for Certification of Physician Assistants, Inc. ("NCCPA") is a corporation headquartered in Atlanta, Georgia, which, in conjunction with the National Board of Medical Examiners and the host of governmental and medicine-related organizations which formed the NCCPA in the early 1970s, administers a nationwide testing and certification program for physician assistants.

In order to obtain NCCPA certification as a physician assistant, the applicant must, among other things, pass a standardized certification examination administered by the defendant corporation. When a certificate is issued, it remains valid for six years, but must then be renewed by taking and passing a renewal examination. In addition, during the six-year life of a certificate, the holder is required to re-register it every two years by furnishing proof that he or she has completed at least 100 hours of continuing medical education.

The need for a NCCPA certificate in order to engage in the profession of physician assistant varies greatly from jurisdiction to jurisdiction. In some states, including Pennsylvania, it would be illegal to work as a physician assistant (with limited exceptions not here pertinent) without a valid, current, NCCPA certificate. In other jurisdictions, such as New York and Delaware, a person who has once been issued an NCCPA certificate can thereafter work as a physician assistant without re-registration or renewal. In still other jurisdictions, a NCCPA certificate is not required for persons who have graduated from accredited educational programs.

Plaintiff graduated from an accredited educational institution, took and passed the NCCPA examination in 1973, and was issued a certificate in 1974. Unfortunately, however, he allowed his certificate to lapse at the end of its six-year life—apparently because he was entering the military service, and could work as a physician assistant in the army without current certification.

When plaintiff left military service in 1986, and sought to revive his NCCPA certificate, he was informed that he would be required to take and pass the same examination as a new applicant, rather than the (somewhat less stringent) renewal examination. Plaintiff was re-tested in 1987. Although he had been continuously employed as a physician assistant for more than 12 years, and was then a highly regarded physician assistant at Temple University Hospital, plaintiff failed the test (he did reasonably well in all parts of the test except demonstrating clinical skills; he did not conduct a simulated routine physical examination to the satisfaction of the examiners). As a result, he was unable to obtain a renewal of his Pennsylvania license. He now works in Delaware, where he is duly licensed.

Plaintiff, acting *pro se*, has brought this action against NCCPA and the Pennsylvania State Board of Medicine and one of its administrators, Linda D. Widdoss (hereinafter, the Commonwealth defendants). Plaintiff asserts that his constitutional

rights have been and are being violated, and that the defendants are in violation of the federal antitrust laws and the Federal Trade Commission statute. He seeks injunctive and other forms of relief. The defendants have filed motions to dismiss.

 Plaintiff's claims against NCCPA under the Civil Rights statutes are easily resolved: although its certifications are relied upon by many states in their licensing decisions, NCCPA is a private organization. It receives no financial support from any government, and it operates in all respects on a completely independent basis. In short, it is not a state actor, and does not act under color of state law within the meaning of the Civil Rights Act. Even if plaintiff were able to allege that his constitutional rights have been violated by the NCCPA, he would have no claim cognizable in this court for such constitutional violation.

I hasten to add that plaintiff's own allegations make clear that no constitutional violation has occurred. He has no vested right to certification, no property entitlement to renewal of his certification or of his license which could form the basis of a claim for violation of due process; and, in any event, he was accorded due process. He has no valid claim under the Equal Protection clause, because he has been treated in precisely the same manner as all others similarly situated; moreover, no racial or other invidious discrimination is, or could be, alleged.

Although the Commonwealth defendants do act under color of state law, the facts alleged by plaintiff disclose that they have not violated his constitutional rights. The Commonwealth of Pennsylvania has a right to enforce its licensing regulations in a non-discriminatory manner. Insistence upon current NCCPA certification is rationally related to the permissible goals of the regulations, and reliance upon NCCPA testing and certification cannot be deemed arbitrary or capricious.

Finally, it is clear that plaintiff has no valid claims against any of the defendants under the antitrust laws. The Commonwealth defendants are immune from antitrust liability under "state action" principles. In any event, it is self-evident that plaintiff has suffered no injury of the type which the antitrust laws were designed to prevent, and that the conduct alleged on the part of each and all of the defendants does not amount to any violation of the antitrust laws. Although it is unclear just what provisions of the Federal Trade Commission Act, 15 U.S.C. §§ 41 *et seq.* plaintiff is invoking, and it seems that no violation has been validly alleged, the matter need not be pursued, since there is no private right of action under that statute.

For all of the foregoing reasons, this action must be dismissed, with prejudice.

### ORDER

AND NOW, this 6th day of November, it is ORDERED:

1. Plaintiff's motion for preliminary injunction is DENIED.

2. Defendant's motion to dismiss is GRANTED. This action is DISMISSED, WITH PREJUDICE.