STRATEK PLASTIC LIMITED *v.* JEAN-PIERRE IBAR ET AL.
(AC 34458)

Lavine, Alvord and Schaller, Js.

---

Argued June 3—officially released September 3, 2013

*Jean-Pierre Ibar*, self-represented, the appellant (named defendant).

*Timothy W. Donahue*, with whom, on the brief, was *Colleen Noonan Davis*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this fraudulent conveyance action, the defendant Jean-Pierre Ibar (Ibar)[1] appeals from the

[1] We note that the briefs on appeal are signed by Jean-Pierre Ibar and Christine Ibar, both of whom are self-represented parties. Only Jean-Pierre Ibar, however, signed the appeal form. To the extent that Jean-Pierre Ibar intended to appeal on behalf of Christine Ibar, we note that "[t]he authorization to appear pro se is limited to representing one's own cause, and does not permit individuals to appear pro se in a representative capacity." *Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut*, 34

judgment of the trial court, rendered following a jury trial, in favor of the plaintiff, Stratek Plastic Limited (Stratek). On appeal, Ibar claims that the court improperly charged the jury regarding the standard of proof that is required in a fraudulent conveyance action and informed the jury that it had directed a verdict in favor of Stratek in a companion case. We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. Stratek brought this action alleging that on September 19, 2006, Ibar conveyed his interest in certain real property in Wallingford to Christine Ibar, in violation of the Uniform Fraudulent Transfer Act, General Statutes § 52-552a et seq. Stratek alleged that the conveyance was done with the intent to hinder, delay or defraud Stratek. The present case was consolidated and tried with *Ibar* v. *Stratek Plastic Ltd.*, 145 Conn. App. 401, 76 A.3d 202 (2013). That case, which we also decide today, involved Ibar's claim that Stratek breached its contract with him regarding ownership of shares in Stratek. At the conclusion of Ibar's evidence in the breach of contract case, the court granted Stratek's motion for a directed verdict. The present action, however, was submitted to the jury, which returned a verdict in favor of Stratek. The court rendered judgment in accordance with that verdict and Ibar filed the present appeal.

I

Ibar first claims that the court erred by failing to charge the jury that the standard of proof required in a fraudulent conveyance action is clear, convincing and unequivocal evidence. Ibar further contends that the court should have contrasted the heightened standard

Conn. App. 543, 546, 642 A.2d 62, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994). Because there is no issue that relates soley to Christine Ibar, however, we conclude that we may properly review the issues presented in this appeal.

of proof required for a fraudulent conveyance case with the usual preponderance of the evidence standard. We disagree.

"The trial court has wide discretion in charging the jury. Our standard of review concerning claims of instructional error is well settled. [J]ury instructions must be read as a whole and . . . are not to be judged in artificial isolation from the overall charge. . . . The whole charge must be considered from the standpoint of its effect on the jurors in guiding them to a proper verdict . . . . The trial court must adapt its instructions to the issues raised in order to give the [jurors] reasonable guidance in reaching a verdict and not mislead them." (Internal quotation marks omitted.) *Rua* v. *Kirby*, 125 Conn. App. 514, 516–17, 8 A.3d 1123 (2010).

In the court's preliminary charge to the jury, prior to the presentation of evidence in either case, the court instructed the jury that in civil cases, the plaintiff bears the burden of proving the plaintiff's claims by a preponderance of the evidence. In its final charge to the jury, the court instructed the jury, in accordance with Ibar's request, that Stratek had to prove its case by clear, precise and unequivocal evidence. This is a correct statement of the law; see *Certain Underwriters at Lloyd's, London* v. *Cooperman*, 289 Conn. 383, 395, 957 A.2d 836 (2008); *Labbe* v. *Carusone*, 115 Conn. App. 832, 836, 974 A.2d 738 (2009); and did not mislead the jury. At the conclusion of the charge, counsel for Ibar requested that the court recharge the jury that the heightened standard of proof is more than the preponderance of the evidence standard. The court properly declined to recharge the jury, noting that it had charged the jury in accordance with Ibar's request to charge. See *Kosko* v. *Kohler*, 176 Conn. 383, 388–89, 407 A.2d 1009 (1978) (plaintiff could not complain about alleged instructional error when charge as given was essentially

as plaintiff requested). Ibar's claim, therefore, must fail.[2]

## II

Ibar next claims that he was prejudiced when the court informed the jury, prior to charging the jury, that it had directed a verdict for Stratek in the breach of contract case. We are not persuaded.

The following additional facts are necessary for the resolution of this claim. Prior to charging the jury in this matter, the court directed a verdict for Stratek in the breach of contract action. Since the cases were tried together, the court informed the jury as follows: "After the plaintiff rested in the Ibar versus Stratek case, I granted the Motion for Directed Verdict for the defendant. So, that case no longer requires your resolution, because I've previously [ordered] that judgment be entered for the defendant. Additionally, you are only to consider the evidence in the Stratek versus Ibar case and not the evidence in the Ibar versus Stratek case in deciding on your verdict." Ibar contends that the court should have simply informed the jury that it need not decide the breach of contract case, not that it had ruled in favor of Stratek in that case.

We initially note that upon completion of the charge, the court, outside the presence of the jury, inquired

---

[2] As part of his claim of instructional error, Ibar questions the order in which the interrogatories were submitted to jury. Counsel for Ibar did not raise this objection during the charging conference or following the jury charge. We, therefore, decline to review this claim. See *West Haven Sound Development Corp.* v. *West Haven*, 207 Conn. 308, 316–17, 541 A.2d 858 (1998).

Ibar also contends that because the jury deliberated for almost two days, the jurors were divided on the issue of fraud. In this regard, we note that "[t]he length of time that a jury deliberates has no bearing on nor does it directly correlate to the strength or correctness of its conclusions or the validity of its verdict." (Internal quotation marks omitted.) *Baldwin* v. *Jablecki*, 52 Conn. App. 379, 384, 726 A.2d 1164 (1999).

whether counsel had any objections to the charge. Counsel for Ibar did not object to the court's comment about the directed verdict in the breach of contract case. We also note that although the court did inform the jury regarding the outcome of the breach of contract case, it further instructed the jury not to assume from anything it had said or done that it favored one side or the other. The court instructed the jury that it was the sole judge of the facts, and further, that it was to decide the issues based only on the evidence before it.[3] "[W]hen a jury has received an instruction, it is presumed to have followed such instruction unless the contrary appears." (Internal quotation marks omitted.) *Duncan* v. *Mill Management Co. of Greenwich, Inc.*, 308 Conn. 1, 22, 60 A.3d 222 (2013). We, therefore, cannot conclude that Ibar was prejudiced when the court informed the jury that it had directed a verdict for Stratek in the companion case.

The judgment is affirmed.

---

[3] The court charged in relevant part as follows: "[D]o not assume from anything that I may have said or done during the trial that I favor one side or the other in this case because I do not. My goal has simply been to assure that both sides receive a fair trial. You are, as I told you when we began, the sole judges of the facts. If the lawyers said something in their closing arguments which differs from your collective recollection of the facts, disregard it. You and you alone decide what the facts are, what facts were proven. It is your duty to find the facts based only on the evidence you have heard, and you are to consider the testimony you have heard and the exhibits that have been submitted and draw your own conclusions as to what the ultimate facts are. The parties in this case are entitled to have a calm, careful, conscientious appraisal of the issues by you, the fact finders."