J-A23012-19

2019 PA Super 366

| | | |
|---|---|---|
| ANDREA AVERY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON CERCONE AND HARRY | : | No. 174 WDA 2019 |
| SPADAFORA | : | |

Appeal from the Judgment Entered, January 24, 2019,
in the Court of Common Pleas of Allegheny County,
Civil Division at No(s): GD 13-022334.

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

OPINION BY KUNSELMAN, J.:               **FILED DECEMBER 23, 2019**

Plaintiff, Andrea Avery, appeals from the judgment entered in this car-accident case, after a jury awarded her $18,500 for lost wages and pain and suffering. We vacate that judgment, reinstate the original verdict of $8,500 for lost wages against Defendant Harry Spadafora, and remand for the filing of new post-trial motions on a weight-of-the-evidence claim regarding the pain and suffering award, because the trial court must resolve this question in the first instance.[1]

_____

[1] We affirm the judgment in favor of Defendant Brandon Cercone, because the jury found that he was not negligent. Ms. Avery appeals that portion of the verdict only with regard to the verification to Mr. Cercone's answer to the original complaint, which we discuss and dismiss in part B of this Opinion. Her remaining issues challenge only the extent of her damages, not Mr. Cercone's liability.

On February 1, 2012, Mr. Cercone let Mr. Spadafora borrow his pick-up truck to run some errands. Mr. Spadafora unwittingly merged Mr. Cercone's truck into a funeral procession on an interstate highway.

Not recognizing that the procession was driving below the speed limit, Mr. Spadafora rear-ended Ms. Avery and propelled her car into the vehicle in front of her. Mr. Spadafora admitted his fault at the scene and has stood by that admission ever since. Ms. Avery sued Mr. Spadafora for negligence; she sued Mr. Cercone for negligent entrustment, on the grounds that the pick-up truck's brakes were faulty when he loaned it to Mr. Spadafora.

The jury found only Mr. Spadafora negligent. It initially returned a verdict against him of $8,500 for lost wages and $0 for pain and suffering. However, both parties had contended at trial that Ms. Avery deserved some compensation for pain and suffering; they disputed the dollar figure on that question.

Defense counsel asked the trial court to send the jury back to reconsider its pain-and-suffering award. Ms. Avery's attorney responded that returning the jury to the deliberation room was improper. The trial court agreed with defense counsel and directed the jury to resume deliberations and to award something for pain and suffering. The jury returned a second verdict adding $10,000 for pain and suffering. Thus, the new verdict totaled $18,500.

Ms. Avery filed post-trial motions, which the trial court denied. This timely appeal followed. She raises four issues on appeal, which we have rephrased and reordered for simplicity of disposition:

1. Did the trial court err by returning the jury to deliberations with instructions to award some amount of compensation for pain and suffering?

2. Did the trial court err by refusing to strike the unverified Answer filed by Mr. Spadafora and Mr. Cercone and to enter a directed verdict against them?

3. Did the trial court err by failing to conduct a **Frye** hearing before it concluded that Ms. Avery's expert neurologist's use of DTI (Diffuse Tensor Imaging) to confirm his diagnosis of a brain injury was inadmissible?

4. Did the trial court err by excluding evidence of the business relationship between the defense's expert and a referral service to show potential bias of the defense expert with regard to his opinion on damages?

**See** Ms. Avery's Brief at 19, 33, 46, 64.

*A. The Verdict on Pain and Suffering*

In her first appellate issue, Ms. Avery challenges the rejection of the original $0 verdict for pain and suffering and the trial court's instruction that the jurors resume deliberations. She argues the trial judge confused an inconsistent or illogical verdict with a verdict that is against the weight of the evidence. In her view, it was "reversible error for [the] trial judge to intervene to correct a verdict which was against the weight of the evidence by instructing the jury to reconsider its prior findings." **Id.** at 14. Instead, Ms. Avery

believes the "only remedy available to the court when a jury returns a verdict which is against the weight of the evidence is to grant a new trial." ***Id.***

Mr. Spadafora argues that the trial judge correctly returned the jury to deliberate further. He claims:

> Based on undisputed medical evidence, [Ms. Avery] suffered a mild, traumatic, brain injury (a concussion) in the subject accident, which is normally associated with some degree of pain and suffering (headaches and dizziness, etc.). Therefore, it was arguably inconsistent, as a matter of law, for the jury to have awarded past wage loss, but no amount for pain and suffering.

Mr. Spadafora's Brief at 10.[2]

When reviewing a trial court's denial of post-trial motions, we follow a two-step process.

> [First, we] review the [trial] court's alleged mistake and determine whether the court erred, and, if so, [we then ask] whether the error resulted in prejudice necessitating a new trial. If the alleged mistake concerned an error of law, we will scrutinize for legal error. Once we determine whether an error occurred, we must then determine whether the trial court abused its discretion in ruling on the request for a new trial.

---

[2] Mr. Spadafora also asks us to find waiver. He claims Ms. Avery did not object to the trial court's decision to send the jury back to the deliberation room. This assertion belies the fact that Mr. Spadafora objected to the jury's original verdict, asked the trial court to reject that verdict, and injected this procedural issue into the case. We know of no rule or case that would require Ms. Avery to object to a ruling that Mr. Spadafora prompted by his own objection, and Mr. Spadafora cites none. We therefore decline to find waiver.

*ACE Am. Ins. Co. v. Underwriters at Lloyds and Co.*, 939 A.2d 935, 939 (Pa. Super. 2007) (citations omitted), *affirmed*, 971 A.2d 1121 (Pa. 2009).

Here, the trial court agreed with defense counsel's identification of the $0 award for pain and suffering as an inconsistent verdict and rejected the plaintiff's view that this was a weight-of-the-evidence issue. Whether a court has correctly identified the legal issue before it is itself a legal issue. The "identification and application of the proper legal principles . . . are questions of law . . . ." *Commonwealth v. Reaves*, 923 A.2d 1119, 1124 (Pa. 2007). As with all questions of law, "our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunal." *Casselbury v. American Food Serv.*, 30 A.3d 510, 512 (Pa. Super. 2011).

To put this issue in perspective, we must differentiate between an inconsistent verdict and a verdict that is against the weight of the evidence. An inconsistent, irrational, or problematic verdict is a verdict that does not clearly report the jury's factual findings on its face. The inconsistency or problem of such a verdict appears within the four corners of the verdict slip. When this occurs, a trial court should — if a party objects before the jury is dismissed — return that jury to the deliberation room and instruct it to clarify (not reconsider) the verdict. By contrast, a verdict that is against the weight of the evidence is a verdict that shocks the conscience of the trial court in light of the evidence presented. When this occurs, the trial court should — if a

party timely raises the issue in post-trial motions — order a new trial. We provide an example of each scenario.

An inconsistent verdict occurred in *Picca v. Kriner*, 645 A.2d 868 (Pa. Super. 1994). There, a jury found a defendant-driver negligent, but it also found that his conduct was not a substantial factor in causing *all* of the plaintiff's harm, as the verdict slip read. On appeal, we determined that, because the plaintiff had preexisting injuries, the adjective "all" in the interrogatory on proximate cause was overly broad. When the jurors answered "No," we could not determine whether they had found the defendant (a) did not cause the plaintiff's prior injuries but had caused the new ones; (b) had not caused any of the injuries (new or old); or (c) had caused some of the plaintiff's new injuries.

This lack of clarity on the face of verdict slip, arising from a poorly worded interrogatory, produced an "inconsistent, irrational, incredible, or . . . problematic verdict . . . ." *Picca* at 302. In such scenarios, the trial court may, upon timely objection, return the jury to deliberations for clarification of its factual findings. "This rule does not require [a court] to invade the jury's sacred deliberation process or find out why the jury did what it did; the court need only explain that the verdict returned makes no sense . . . ." *Id.* at 303.

By comparison, a verdict that was against the weight of the evidence occurred in *Burnhauser v. Bumberger*, 745 A.2d 1256 (Pa. Super. 2000). There, the plaintiff and defendant were in a motor vehicle accident, which the

defendant clearly caused, so the case was tried on damages alone. The parties' experts agreed the plaintiff had suffered injuries, but they disputed the nature and severity of those injuries. The jury found the defendant was negligent and that he proximately caused the plaintiff's harm. However, the jury only compensated the plaintiff for her medical expenses and awarded nothing for pain and suffering. In post-trial motions, the plaintiff requested a new trial on the grounds that the $0 award for pain and suffering was against the weight of the evidence. The trial court agreed and ordered a new trial. *Id.* at 1258.

On appeal, the defendant argued that the $0 award was not a weight-of-the-evidence issue, but rather an inconsistent-verdict issue requiring the plaintiff to object before the judge dismissed the jury. We explicitly rejected this characterization of the legal issue and explained:

> The trial court recognized that the jury's award equaled [the exact amount of the plaintiff's] unreimbursed medical expenses and stated "the jury obviously awarded only reimbursement for the medical bills." Trial Court Opinion, 3/1/99, at 4. Therefore, because there was no ambiguity or evidence of misunderstanding, the trial court concluded that the waiver rule [in ***Picca***, ***supra***] was not applicable . . . we agree. Objecting to the jury's verdict would not have eliminated the possibility of a new trial. A trial judge is not at liberty to suggest to the jury that the weight of the evidence did not support its damage award. Therefore, ***the trial court could <u>not</u> have given the jury any corrective instruction and returned them to deliberations.***

*Id.* at 1260 (some citations omitted) (emphasis added).

In citing **Burnhauser** with approval, the Supreme Court of Pennsylvania said, "a trial judge cannot issue a corrective instruction to the jury suggesting that the weight of the evidence does not support its verdict without invading the province of the jury by essentially directing a verdict." **Criswell v. King**, 834 A.2d 505, 512 (Pa. 2003).[3]

---

[3] We note Mr. Spadafora relies extensively upon **Criswell v. King**, 834 A.2d 505 (Pa. 2003) for the proposition that the trial court may send the jury back to rectify an inconsistent verdict. **See** Mr. Spadafora's Brief at 16-18. However, he fails to mention that **Criswell** rests upon the rule in **Burnhauser v. Bamberger**, 745 A.2d 1256 (Pa. Super. 2000). Mr. Spadafora fails to acknowledge **Burnhauser**, much less explain why it does not apply. Our research reveals that **Burnhauser** remains good law. **See**, **e.g.**, **Kopytin v. Aschinger**, 974 A.2d 738 (Pa. Super. 2008) (applying **Burnhauser** to order a new trial where the jury's failure to award damages for pain and suffering was not an inconsistent verdict but, rather, a finding of fact that was against the weight of the evidence); **Mader v. Duquesne Light Co.**, 199 A.3d 1258 (Pa. Super. 2018) (accord).

The critical error in Mr. Spadafora's argument is, as it was below, that he misunderstands what constitutes an inconsistent verdict. As the **Criswell** Court explained and we have held for 20 years, an inconsistent verdict is **not** a verdict that is inconsistent with the evidence. If the evidence factors into the trial court's decision to disturb a verdict (as occurred here), the court is deciding a weight-of-the-evidence issue, no matter the form of objection, who raises it, or when it occurs. The High Court said:

> It is one thing to tell the jury to resume deliberations because its verdict is inconsistent, but it is quite another to direct it to resume deliberations because, in the courts view, the verdict rendered so far departs from the evidence as to shock the judicial conscience. Indeed, as the Superior Court has noted [in **Burnhauser** and its progeny,] an order to resume deliberations based on a weight of the evidence instruction would intrude upon the province of the jury.

**Criswell**, 834 A.2d at 513.

The case before us falls squarely under **Burnhauser**; it is factually and procedurally identical. Here, the jury found Mr. Spadafora was negligent and that he proximately caused Ms. Avery's harm. However, the jury only compensated Ms. Avery for her medical expenses and awarded nothing for pain and suffering. Because the verdict was clear and unambiguous on its face, the trial judge had no difficulty ascertaining the decision of the jurors or the meaning of their verdict. Thus, the trial court erred when it concluded that the verdict was "inconsistent."

The trial court provided its reasoning and stated that the verdict was:

> inconsistent with the defendant's expert opinion that Ms. Avery's symptoms substantially flared up and Mr. Spadafora's counsel's closing concession that she is entitled to damages for pain and suffering for several months. Since this verdict also was inconsistent with common knowledge that substantial flare up of concussion symptoms involved pain and suffering, I granted the request to have the jury reconsider the pain-and-suffering award.

Trial Court Opinion, 4/4/19, at 15.

In short, the trial court believed that a $0 award for pain and suffering was inconsistent, not on its face, but rather, was inconsistent with the evidence as he heard it presented. However, the law allows a jury to return a verdict that the court views as factually wrong. A trial court has never been at liberty to set aside a verdict merely because it disagrees with the jury's factual findings. Otherwise, the jurors would no longer "be the only judges of the facts." PENNSYLVANIA SUGGESTED STANDARD CIVIL JURY INSTRUCTIONS § 1.150 (Role of Judge and Jury). Our law provides that:

- 9 -

> a jury is always free to believe all, part, some, or none of the evidence presented. Thus, while the jury may have concluded that [the plaintiff] suffered some painful inconvenience for a few days or weeks after the accident, it may also have concluded that [the plaintiff's] discomfort was the sort of transient rub of life for which compensation is not warranted. . . . [t]he determination of what is a compensable injury is uniquely within the purview of the jury.

*Majczyk v. Oesch*, 789 A.2d 717, 725-726 (Pa. Super. 2001) (citation omitted).

In light of the wide latitude afforded juries on the pain-and-suffering question, a jury is always free to award $0 for pain and suffering. The question then becomes whether such a verdict is against the weight of the evidence such that it shocks the conscience of the trial court.

Here, the court should not have given the jury a corrective instruction to award some pain-and-suffering damages and returned it to deliberate. The trial court gave a *de facto* directed verdict of at least $1 for pain and suffering. The jury was under no legal obligation to do so, because it was free to reject **both** side's evidence of pain and suffering as "the rub of life." **See Majczyk**, **supra**. The jurors could have concluded that Ms. Avery had not suffered any compensable pain and suffering, because it could reject **all** of the evidence supporting a pain-and-suffering award.

Instead, the trial court should have let the verdict stand, and waited to see if the plaintiff would file post-trial motions challenging the weight of the evidence. If no such motions were filed, the verdict of $8,500 would have

stood as a consistent verdict. Assuming the plaintiff filed such a motion, the trial court would then have had to determine whether the verdict in this case was shockingly unjust in light of all the evidence presented.

For these reasons, we find that the trial court erred when it concluded that the verdict was inconsistent and returned the jury to deliberate further.

This brings us to the question of how to remedy the procedural error of the trial court. Did the court abuse its discretion when it denied Ms. Avery's motion for a new trial? At this juncture, we do not know. The trial court must first rule upon the proper legal issue (*i.e.*, the weight of the evidence) before we can determine whether its grant or denial of new trial on that claim amounts to an abuse of discretion.

The Supreme Court of Pennsylvania in **Davis v. Mullen**, 773 A.2d 764, 767 (Pa. 2001) distinguished between two lines of cases where a jury awarded medical expenses or lost wages, but awarded nothing for pain and suffering. A jury's award of $0 for pain and suffering could be appropriate when the trial judge rationally concludes that the jury reasonably found that (1) the plaintiff experienced no pain and suffering or (2) a pre-existing condition caused all of the plaintiff's alleged pain and suffering. **Id.** at 767; **see e.g., Boggavarapu v. Ponist**, 542 A.2d 516 (Pa. 1988), **Catalano v. Bujak**, 642 A.2d 448 (Pa. 1994). On the other hand, when a jury awarded damages for medical expenses but nothing for pain and suffering, a trial judge may order a new trial if the plaintiff's injuries were so severe that such an award was utterly

irrational. **Davis**, 773 A.2d at 766; **see e.g., Todd v. Bercini,** 92 A.2d 538 (Pa. 1952) and **Yacabonis v. Gilvickas**, 101 A.2d 690 (Pa. 1954); **see also Marsh v. Hanley**, 856 A.2d 138 (Pa. Super. 2004).

Thus, although Ms. Avery suggests otherwise, this Court may not (and cannot) decide whether a new trial is required in the first instance. Unlike the trial judge who presided over this case, we did not hear the witnesses or see their body language as they testified. Although the trial judge believed the verdict was "inconsistent," we have no way of knowing whether the award of $0 for pain and suffering shocked his sense of justice. This Court can only review the trial court's ruling on this question once that court makes it. And, when we do, we afford the trial court the **highest** deference that an appellate court can and still conduct a review:

> Appellate review of a weight claim is a review of the trial court's exercise of discretion, **_not of the underlying question of whether the verdict is against the weight of the evidence._** Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

**Brown v. Trinidad**, 111 A.3d 765, 770 (Pa. Super. 2015) (emphasis added).

At this juncture, our hands are tied. We may not substitute our judgment for that of the original trial judge on this issue. We must therefore

remand and give the trial court an opportunity to decide the weight-of-the-evidence question within its sound discretion.

In sum, on this issue, we vacate the judgment in favor of Ms. Avery and the improper illegal verdict of $18,500 against Mr. Spadafora.[4] We reinstate the original, proper verdict of $8,500 against Mr. Spadafora and remand. Ms. Avery may, if she wishes, renew her post-trial motions for a new trial on the grounds that the jury's original award of $0 for pain and suffering was against the weight of the evidence, such that it should shock the conscience of the trial judge who presided over the jury trial.[5]

B. *The Verification of the Defendants' Answer and New Matter*

In her second appellate issue, we next consider Ms. Avery's claim that the trial court erred when it refused to strike the Defendants' Answer and New Matter and to award her a directed verdict. She contends that, without a signed verification denying certain allegations in her ***original*** Complaint, those allegations are deemed admitted by the Defendants and she is entitled to judgment as a matter of law.

---

[4] As previously noted, we affirm the judgment in favor of Mr. Cercone and against Ms. Avery.

[5] If the trial judge determines a new trial on damages is warranted for pain and suffering, the issue remains whether the award of $8,500 for lost wages may nevertheless stand. A panel of this Court recently decided that the unchallenged portion of a damages award stands. *See **Mader***, 199 A.3d at 1270 n.2 (Pa. Super. 2018). ***Mader*** currently binds the trial court on that point; however, the Supreme Court of Pennsylvania has granted an allowance of appeal and is reviewing this issue. ***Id.***, 217 A.3d 193 (Pa. 2019).

This issue arose at trial during the testimony of Mr. Cercone. In his testimony as an adverse witness for the plaintiff, Mr. Cercone admitted that he loaned his pick-up truck to Mr. Spadafora and that Mr. Spadafora was driving that truck at the time of the accident. N.T., 9/7/18, at 217, 223. However, in the answer to the original Complaint, Mr. Cercone had denied this fact in the Answer and New Matter. *Id.* at 238. Counsel for Ms. Avery showed Mr. Cercone this Answer and Verification, at which point Mr. Cercone questioned whether it was actually his signature on the verification form. *Id.* at 233. When his own lawyer questioned him, Mr. Cercone essentially conceded that the signature on the verification was not his and further acknowledged that his previous attorney did all the paperwork for him. *Id.*

Based on this testimony, counsel for Ms. Avery moved to strike the Answer and enter a directed verdict. N.T., 9/10/18, at 2. The trial court denied the request. *Id.* at 11-13.

On appeal, Ms. Avery contends the trial court erred by failing to strike that Answer and enter a directed verdict against the Defendants, or, in the alternative, by failing to grant a mistrial. As she states it, the trial court missed the crux of her argument, which is "what is the appropriate course of action where a Defendant specifically testifies that the signature on the verification is not the Defendant's signature." Ms. Avery's Brief at 63.

The procedural history of the case is important to resolve this issue, because the verification surrounding this controversy was the verification to

the Defendants' Answer and New Matter to the **original** Complaint, not the amended Complaint. Thus, we initially must decide whether the issue is moot and/or waived.

Pennsylvania "courts generally will not decide a moot case, because the law requires the existence of an actual controversy . . . ." ***Association of Pennsylvania State College & University Faculties v. PLRB***, 8 A.3d 300, 305 (Pa. 2010). "An issue before a court is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." ***Printed Image of York, Inc. v. Mifflin Press, Ltd.***, 133 A.3d 55, 59 (Pa. Super. 2016) (some punctuation omitted). An issue is waived on appeal if it is not raised before the trial court. Pennsylvania Rule of Appellate Procedure 302.

During the pleadings, Ms. Avery filed her original Complaint on March 28, 2014. The Defendants filed a joint Answer and New Matter three months later. Their then-attorney, Michael T. Della Vecchia, Esq., signed the verification he attached to that pleading on behalf of Mr. Spadafora and Mr. Cercone. On February 26, 2015, Attorney Della Vecchia filed a praecipe to substitute Mr. Cercone's verification to the Answer and New Matter. That document purportedly bore Mr. Cercone's signature. **See** Praecipe to Substitute Verification, February 26, 2015. Shortly thereafter, Attorney Della Vecchia withdrew his representation. New lawyers entered their appearance on behalf of the Defendants.

Several months later, on October 10, 2016, Ms. Avery filed an Amended Complaint. The next month, Mr. Spadafora and Mr. Cercone's new attorney, Ashley M. Kral, Esq., filed an Answer and New Matter to Plaintiff's Amended Complaint. To attempt to comply with Rule of Civil Procedure 1024, attorney Kral signed the verification for her clients "due to time limitations in filing an answer and [promised to] substitute the Defendants' verification when [she] received [it]." Mr. Spadafora and Mr. Cercone's Answer to Plaintiff's Amended Complaint and New Matter, November 28, 2016, at 10. Attorney Kral never filed a substituted verification signed by the Defendants.

Notably, the verification Ms. Avery objected to at trial and challenges on appeal is the substituted verification for the Answer and New Matter to her original Complaint, which her original attorney, Attorney Della Vecchia, filed on February 26, 2015. This is the verification form that bears Mr. Cercone's name, but admittedly does not bear his signature. Ms. Avery, however, did not object at trial to the lack of an appropriate verification to the Answer and New Matter that Attorney Kral signed and filed in response to the Amended Complaint.

It is settled law in this Commonwealth that the filing of an "amended complaint has the effect of **eliminating** the prior complaint." **Hionis v. Concord Tp.**, 973 A.2d 1030, 1036 (Pa. Cmwlth. 2009) (citing **Freeze v. Donegal Mutual Insurance Co.**, 470 A.2d 958, 960 n.5 (Pa. 1983)) (emphasis added). Thus, while Ms. Avery is correct that "[a]n unverified

pleading is a nullity," (Ms. Avery's Brief at 16, 46-47), so is an original complaint after the plaintiff files her amended complaint. By filing an Amended Complaint, Ms. Avery eliminated all the facts alleged in her original Complaint – which she claims entitle her to judgment as a matter of law – from the record. **See Hionis** and **Freeze**, **supra**.

Any procedural misstep Attorney Della Vecchia may have made by not having Mr. Spadafora and/or Mr. Cercone sign the praecipe to substitute the verification to the Answer to this original Complaint was likewise eliminated when Ms. Avery filed her Amended Complaint. All of the pleadings preceding her Amended Complaint became null and void for purposes of the Rules of Civil Procedure. Thus, we conclude that this issue, as Ms. Avery framed it before the trial court, is moot. We may not grant her judgment as a matter of law based upon allegations in her original, now-inoperable Complaint.

Moreover, we observe that Ms. Avery did not challenge the operable defensive pleading (*i.e.*, the unverified Answer to Plaintiffs' Amended Complaint and New Matter) before the trial court. As we noted above, "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302. Because Ms. Avery did not attack the failure of the Defendants to verify their Answer to her Amended Complaint during the

trial below, whether the lack of a valid verification for that pleading entitles Ms. Avery to judgment as a matter of law is waived on the instant appeal.[6]

In short, by filing an Amended Complaint, Ms. Avery rendered any procedural defects in the previous pleadings moot, and she did not object and therefore waived any defects in the pleadings that succeeded it. This issue affords her no appellate relief.

C.      *The Remaining Two Appellate Issues*

Ms. Avery also raises two evidentiary issues on appeal. We decline to address their merits, because, on remand, if the trial court awards a new trial to Ms. Avery, such issues may become moot as well. Of course, Ms. Avery may reassert those other claims in a subsequent appeal or cross-appeal, depending on the resolution of her weight-of-the-evidence claim below.

Finally, as neither of those issues would result in reversal of the jury's determination that Mr. Cercone was not negligent, we need not resolve them to affirm the judgment in his favor. They are already moot as to him.

Judgment in favor of Mr. Cercone affirmed. Judgment against Mr. Spadafora vacated. Verdict against Mr. Spadafora for $18,500 vacated; original verdict against Mr. Spadafora for $8,500 for lost wages reinstated.

---

[6] We express no opinion as to the unverified pleading's impact upon the right of Mr. Spadafora to mount a defense on remand, if a new trial is awarded. We further express no opinion on whether the trial court should, under the Rules of Civil Procedure, grant him leave to file a substitute verification to his Answer to the Amended Complaint.

Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/23/2019</u>