J-S09003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PENCOYD IRON WORKS, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STEPHEN LEWIS JONES, DAVID M. | : | No. 1119 EDA 2021 |
| KOLLER, ESQ. AND KOLLER LAW, | : | |
| LLC | | |

Appeal from the Orders Entered May 7, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  02171 Nov. Term 2020

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 30, 2022**

Pencoyd Iron Works, Inc. ("Pencoyd") appeals from the orders, entered in the Court of Common Pleas of Philadelphia County, sustaining preliminary objections filed by Stephen Lewis Jones ("Jones") and David M. Koller, Esquire, and Koller Law, LLC (collectively, "Koller"), and dismissing Pencoyd's second amended Dragonetti Act[1] complaint with prejudice.  Upon careful review, we quash.

On November 20, 2020, Pencoyd filed a complaint against Jones and Koller alleging wrongful use of civil proceedings in relation to Jones' filing, with the aid of Attorney Koller, of numerous age- and disability-related

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 42 Pa.C.S.A. §§ 8351-8355.

discrimination claims before the United States Equal Employment Opportunity Commission ("EEOC") and the United States District Court for the Eastern District of Pennsylvania ("U.S. District Court").[2]

On December 21, 2021, Koller filed preliminary objections in the form of a demurrer to Pencoyd's complaint. In response, Pencoyd filed an amended complaint on January 12, 2021. Koller filed preliminary objections to the amended complaint on March 1, 2021. On March 23, 2021, Pencoyd filed a second amended complaint; Koller, again, filed preliminary objections in the nature of a demurrer. Jones also filed preliminary objections. On May 5, 2021, Pencoyd filed a third amended complaint.

On May 7, 2021,[3] the trial court entered two orders sustaining the preliminary objections filed by Koller and Jones to Pencoyd's second amended complaint. The first order granted Koller's preliminary objections and dismissed, with prejudice, the complaint against Koller. The second order granted Jones' preliminary objection as to Count I (Dragonetti Act)[4] and ordered that Count I of Pencoyd's complaint be stricken, with prejudice, as to Jones.

---

[2] The EEOC claims were dismissed. Jones' lawsuit in U.S. District Court proceeded to a jury trial, which resulted in a verdict in favor of Pencoyd.

[3] The orders were signed on May 5, 2021, but not filed of record until May 7, 2021.

[4] Jones was named as a defendant only in Count I of the complaint.

On May 10, 2021, Pencoyd filed a motion for reconsideration of the court's May 7, 2021 orders, which the court denied by order signed on May 17, 2021 and entered of record on May 25, 2021.

On May 25, 2021, both Koller and Jones filed preliminary objections to the third amended complaint. On May 28, 2021, Pencoyd filed a notice of appeal of the court's two May 7, 2021 orders.[5] On June 22, 2021, the trial court entered an order striking the third amended complaint and deeming moot the preliminary objections filed thereto.

Pencoyd raises the following claim for our review:

> Did the trial court err and abuse its discretion by dismissing the second amended complaint with prejudice and without leave to amend on the ground that [Pencoyd] failed to file a timely answer to preliminary objections without considering the merits of those objections?

Brief of Appellant, at 5.

Prior to addressing Pencoyd's claim, we must determine whether this appeal is properly before this Court. As noted above, on May 5, 2021, Pencoyd filed a third amended complaint. That same day, the court signed the above-described orders granting both defendants' preliminary objections to the second amended complaint and dismissing all claims raised therein with prejudice. However, the court did not enter those orders on the docket, and

_____

[5] The trial court did not order Pencoyd to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

the prothonotary did not give notice pursuant to Pa.R.C.P. 236(b), until May 7, 2021. ***See*** Docket Entries, 5/7/21.

> Rule of Appellate Procedure 301(a) provides that "[n]o order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." ***See generally Sidkoff, Pincus, et al. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.***, [] 555 A.2d 1284, 1287 ([Pa.] 1989). Further, Rule of Appellate Procedure 108(b) designates the date of entry of an order, for purposes of appeal, as follows:
>
> > (b) Civil orders. The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be **the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)**.
>
> Pa.R.A.P. 108(b).

***Frazier v. City of Philadelphia***, 735 A.2d 113, 115 (Pa. 1999). Thus, the "effective date" of the order signed by the trial court on May 5, 2021 was May 7, 2021.

When Pencoyd filed its third amended complaint on May 5, 2021, that pleading superseded the second amended complaint and became the operative pleading. ***See Avery v. Cercone***, 225 A.3d 873, 882 (Pa. Super. 2019) ("It is settled law in this Commonwealth that the filing of an amended complaint has the effect of eliminating the prior complaint.") (citation and quotation marks omitted). Accordingly, as the second amended complaint was—as of May 5—a nullity, ***see id.***, so too was the trial court's subsequent order dismissing it.

Further complicating matters is the trial court's order of June 22, 2021—entered **after** Pencoyd filed its notice of appeal of the May 7, 2021 orders—

which struck the third amended complaint and deemed the preliminary objections filed thereto moot. Pursuant to Pa.R.A.P. 1701, "after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701(a). Accordingly, the trial court's June 22, 2021 order is also a legal nullity. *See John v. Philadelphia Pizza Team, Inc.*, 209 A.3d 380, 382 (Pa. Super. 2019) (order entered after notice of appeal filed legal nullity).

Here, the proper course of action would have been for the trial court to proceed on the basis of the third amended complaint and the preliminary objections filed thereto. Accordingly, we quash this appeal and remand the case to the trial court for further proceedings consistent with this memorandum.

Appeal quashed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2022