# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cash Wright,  :
                 Appellant  :
                             :
        v.  :   No.  1108 C.D. 2022
                             :
City of Philadelphia  :   Submitted:  November 6, 2025

BEFORE:   HONORABLE LORI A. DUMAS, Judge
                 HONORABLE MATTHEW S. WOLF, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                              FILED:  December 19, 2025

Cash Wright, an unrepresented litigant, appeals to this Court from the July 1, 2022 order of the Court of Common Pleas of Philadelphia County (trial court) sustaining the Preliminary Objections of the City of Philadelphia (City) to a Complaint filed by Mr. Wright and dismissing said Complaint.  Mr. Wright maintains that an auctioneer failed to preside over an auction of City real estate in a fair manner.  Because Mr. Wright fails to provide any reason why the trial court's decision was in error, we affirm.

## I.  Background

In his Amended Complaint, filed on April 29, 2022,[1] Mr. Wright averred that an auctioneer employed by the City engaged in bid-rigging, bid-fixing, and bid

---

[1] Mr. Wright's initial Complaint, filed on February 18, 2022, contained factual averments and legal arguments that are missing from the Amended Complaint.  *See* Original Record (O.R.), Item
**(Footnote continued on next page…)**

manipulation at a February 19, 2020 real estate auction. Original Record (O.R.), Item No. 5, Am. Compl. ¶ 1. In so doing, Mr. Wright explained, the auctioneer "clearly and openly violated" the prohibition of unfair trade practices and deceptive actions in the Federal Trade Commission Act,[2] the Commerce Clause of the United States Constitution,[3] and Pennsylvania Rule of Professional Conduct 1.7(a)(2).[4] Mr. Wright did not identify the relief that he sought in the Amended Complaint. The City filed its Preliminary Objections on May 19, 2022, in which the City asserted that Mr. Wright's claims were both legally insufficient and insufficiently specific. *See* O.R., Item No. 8. Mr. Wright filed no response to the Preliminary Objections to his Amended Complaint.

In a June 27, 2022 order, the trial court sustained the Preliminary Objections and dismissed the Amended Complaint with prejudice. *See* O.R., Item No. 10. Mr. Wright appealed to the Superior Court, which issued an order to show cause as to why the appeal should not be transferred to this Court pursuant to 42 Pa.C.S. § 762(a)(4)(i) (granting the Commonwealth Court exclusive jurisdiction over appeals

---

No. 1. It is well settled that an amended complaint has the effect of eliminating the original complaint. *Hionis v. Concord Twp.*, 973 A.2d 1030, 1036 (Pa. Cmwlth. 2009); *Avery v. Cercone*, 225 A.3d 873, 882 (Pa. Super. 2019). Thus, the trial court's references to the original Complaint are omitted from discussion here.

In evaluating Mr. Wright's pleadings and appeal arguments, we are mindful of the principle that "allegations of a *pro se* complainant are held to a less stringent standard than that applied to pleadings filed by attorneys." *Rosario v. Beard*, 920 A.2d 931, 934 n.3 (Pa. Cmwlth. 2007). It is nonetheless true, however, that "*pro se* litigants are subject to the same rules of procedure as are represented litigants." *Kozicki v. Unemployment Comp. Bd. of Rev.*, 299 A.3d 1055, 1063 (Pa. Cmwlth. 2023) (cleaned up).

[2] 15 U.S.C. §§ 41-58.

[3] *See* U.S. CONST. art. I, § 8, cl. 3.

[4] Rule 1.7(a)(2) provides that a lawyer "shall not represent a client if the representation involves a concurrent conflict of interest," which occurs if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Pa.R.P.C. 1.7.

2

from trial court orders involving any municipality).  O.R., Item No 12.  Without a response from Mr. Wright, our sister court transferred the matter to this Court's Prothonotary.

In an opinion in support of its order, the trial court explains its view that Mr. Wright's Federal Trade Commission Act claim is legally insufficient because "an individual does not have the right to file an action against another party" pursuant to that legislation.  Trial Ct. Op. at 4 (citing *Gilliam v. Nat'l Comm'n for Certification of Physician Assistants, Inc.*, 727 F. Supp. 1512, 1514 (E.D. Pa. 1989)).  Regarding Mr. Wright's Commerce Clause claim, the trial court explains that the Amended Complaint "fails to assert what specific conduct or action" by the City is in violation of the Commerce Clause.  *Id.* at 5.  Finally, the trial court observes that Mr. Wright has failed to establish how the City violated Pa.R.P.C. 1.7(a)(2)'s prohibition of concurrent representation, or how the Rules of Professional Conduct are at all relevant.  *Id.* at 5-6.  Thus, the trial court maintains that the Preliminary Objections were properly sustained and the Amended Complaint was properly dismissed.

## II. Discussion

Our review of a trial court's ruling on preliminary objections is limited to a determination of whether the trial court abused its discretion or committed an error of law.  *Leahy v. Pa. Liquor Control Bd.*, 551 A.2d 1153, 1156 (Pa. Cmwlth. 1988).  Preliminary objections are to be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted.  *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010).  Where a preliminary objection presents a question of law, our standard of review is *de novo* and our scope of review is plenary.  *Firearm Owners Against Crime v. City of Harrisburg*, 218 A.3d 497, 505 (Pa. Cmwlth. 2019).

3

In his Brief to this Court, Mr. Wright argues that he had an "absolute right to file suit against the City" due to its "negligence, bad faith actions, collusion[-]based activities, gross misconduct," and other alleged bad acts, given that Mr. Wright "was of the opinion his [s]tate [r]ights and [f]ederal [c]onstitutional [r]ights were grossly and extremely violated[.]" Wright's Br. at 16-17. Mr. Wright further contends that the trial court erred as a matter of law by finding that the City was shielded from suit by sovereign immunity. *Id.* at 17. Next, Mr. Wright argues that the City violated the provisions of the "FTCA," by which Mr. Wright no longer refers to the Federal Trade Commission Act, as he had in his pleadings, but to the Federal Tort Claims Act.[5] *See id.* at 12. Finally, Mr. Wright devotes the remainder of his Brief to a discussion of the United States Supreme Court's decision in *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241 (1964), in support of his contention that the City violated the Commerce Clause of the United States Constitution.

We are not persuaded by Mr. Wright's arguments. First, the Trial Court never addressed the issue of Mr. Wright's "absolute right to file suit against the City" based on his "opinion" that the City had violated his rights; rather, the trial court focused on the legal insufficiency of his claims. Next, Mr. Wright's contention that the trial court erred by applying sovereign immunity doctrine is lacking in foundation, given that the trial court never addressed that topic. Similarly, Mr. Wright does not explain why we should reverse the trial court on the basis of the Federal Tort Claims Act, given that he never raised an issue involving that legislation before the trial court. Lastly, Mr. Wright's discussion of the Commerce Clause omits any valid basis to overturn the trial court's conclusion that the Commerce Clause has no relevance to this case.

_____

[5] *See* 28 U.S.C. § 1346.

4

Mr. Wright also makes new factual averments in his Brief. *See* Wright's Br. at 11 (averring that 80% of properties sold at auction require "some renovation" and therefore "many trips" to home improvement retailers such as Home Depot or Lowe's); *id.* at 20 (averring that a parking lot near the location of the February 19, 2020 real estate auction contained many vehicles bearing New York and New Jersey license plates). Setting aside the question of the relevance of these new claims, we simply note that the proper place for such averments was in Mr. Wright's pleadings, not, for the first time, in an appellate brief. *See Indem. Ins. Co. of N. Am. v. Bureau of Workers' Comp. Fee Rev. Hearing Off. (Insight Pharm.)*, 245 A.3d 1158, 1165 (Pa. Cmwlth. 2021) (explaining that "factual averments in a brief that have no basis in the certified record cannot be considered by an appellate court").

For the foregoing reasons, we affirm the trial court.

_____
MATTHEW S. WOLF, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Cash Wright,                               :
                Appellant         :
                               :
          v.                            :   No. 1108 C.D. 2022
                               :
City of Philadelphia                   :

# **O R D E R**

AND NOW, this 19th day of December 2025, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter, dated July 1, 2022, is hereby AFFIRMED.

 

_____
MATTHEW S. WOLF, Judge